MEMORANDUM *
Ji Yin Chen, a native and citizen of *642 China, petitions for review of the Board of Immigration Appeals’ (“BIA”) published decision, dismissing his appeal from an immigration judge’s (“IJ”) denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). See In re J-Y-C, 24 I. & N. Dec. 260 (BIA 2007). The BIA denied relief on the basis of an adverse credibility finding. The provisions of the REAL ID Act govern our review. See REAL ID Act § 101(h)(2), Pub.L. No. 109-13, 119 Stat. 231, 305 (2005) (stating that the amendments are applicable to asylum applications filed on or after the date of enactment). We must uphold an adverse credibility finding so long as it is supported by substantial evidence. Shrestha v. Holder, 590 F.3d 1034, 1039 (9th Cir.2010). We deny in part and dismiss in part the petition for review.
The BIA reviewed the IJ’s adverse credibility finding for clear error, but did not adopt the IJ’s decision as its own and instead identified nine specific reasons cited by the IJ. We therefore review only the reasons explicitly identified by the BIA, as well as the reasoning articulated in the IJ’s decision in support of those stated reasons. Tekle v. Mukasey, 533 F.3d 1044, 1051 (9th Cir.2008). Even if some reasons identified by the BIA are unsupported, we must uphold an adverse-credibility finding “so long as one of the identified grounds is supported by substantial evidence.” Li v. Ashcroft, 378 F.3d 959, 964 (9th Cir.2004) (internal quotation marks and citation omitted).
The BIA’s adverse credibility finding is supported by substantial evidence. The BIA assessed the “totality of the circumstances,” including factors that are explicitly permitted by the REAL ID Act. See 8 U.S.C § 1158(b)(1)(B). The most significant reasons cited by the BIA are (1) the contradiction between Chen’s testimony and that of his sister regarding the date and length of Chen’s detention and (2) the contradiction in Chen’s testimony regarding whether he went directly home after being released. These inconsistencies are not mere trivialities. See Shrestha, 590 F.3d at 1043-44 (noting trivial inconsistencies such as a typographical error or a misspelling). The evidence in this record does not compel a different result. See INS v. Elias-Zacarias, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). In the absence of credible testimony, Chen failed to demonstrate eligibility for asylum or withholding of removal. See Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir. 2003).
Because Chen’s CAT claim is based on the same testimony found to be not credible, and he points to no other evidence the IJ should have considered, substantial evidence also supports the denial of CAT relief. See id. at 1156-57.
We lack jurisdiction over Chen’s claim that the IJ and BIA gave insufficient consideration to the Country Conditions Report because Chen did not raise this claim before the BIA and thereby failed to exhaust his administrative remedies. See Barron v. Ashcroft, 358 F.3d 674, 678 (9th Cir.2004).
PETITION FOR REVIEW DENIED IN PART; DISMISSED IN PART.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.